UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COOPER CROUSE-HINDS, LLC, and
COOPER INDUSTRIES, LLC,

                                        Plaintiff,

        vs.

CITY OF SYRACUSE, NEW YORK, and
COUNTY OF ONONDAGA, NEW YORK

                                        Defendants.

Civil Action No.: 5:16-cv-1201
(MAD/ATB)

## ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant City of Syracuse, New York (the "City), as its answer to Plaintiffs Cooper

Crouse-Hinds LLC and Cooper Industries, LLC's (hereinafter collectively referred to as

"Plaintiffs") First Amended Complaint (the "Amended Complaint") state as follows:

## NATURE OF ACTION

1.      Paragraph No. "1" of the Amended Complaint states a general description of the

claims asserted in this case and does not require an answer, but to the extent an answer is

required the City denies the same.

## THE PARTIES

2.      The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a

belief about the truth of allegations set forth in Paragraph "2" of the Amended Complaint.

3.      The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a

belief about the truth of allegations set forth in Paragraph "3" of the Amended Complaint.

4.      The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a

belief about the truth of allegations set forth in Paragraph "4" of the Amended Complaint.

5.     The City ADMITS the allegations set forth in Paragraph "5" of the Amended Complaint.

6.     Paragraph "6" of the Amended Complaint states a legal conclusion to which no response is required.

7.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "7" of the Amended Complaint.

8.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "8" of the Amended Complaint.

**JURISDICTION AND VENUE**

9.     Paragraph "9" of the Amended Complaint states a legal conclusion to which no response is required.

10.     Paragraph "10" of the Amended Complaint states a legal conclusion to which no response is required.

11.     According to the Court's February 12, 2018 Memorandum Decision and Order ("MDO"), *see* Dkt. No. 58, Plaintiffs' state law claims have been dismissed, thus no response to this allegation is required.

12.     Paragraph "12" of the Amended Complaint states a legal conclusion to which no response is required.

13.     Paragraph "13" of the Amended Complaint states a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

### The North and South Landfills Site

14.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "14" of the Amended Complaint.

15.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "15" of the Amended Complaint.

16.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "16" of the Amended Complaint.

17.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "17" of the Amended Complaint.

18.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "18" of the Amended Complaint.

19.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "19" of the Amended Complaint.

### The City's Waste Disposal Activities at the Site

20.     With respect to the allegations contained within Paragraph "20" of the Amended Complaint, the City ADMITS that it entered into an indenture with the Crouse-Hinds company on or around November 4, 1960, but DENIES that Paragraph "20" contains a complete description of its terms and refers the Court to referenced document as to its terms.

21.     With respect to the allegations contained within Paragraph "21" of the Amended Complaint, the City states that the Indenture speaks for itself as to its terms, and the City ADMITS that it entered into an additional Indenture on or about August 12, 1968, but further

DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph "21" of the Amended Complaint.

22.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations in Paragraph "22" of the Amended Complaint.

23.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations in Paragraph "23" of the Amended Complaint.

24.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations in Paragraph "24" of the Amended Complaint.

25.     The City DENIES the allegations in Paragraph "25" of the Amended Complaint.

26.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations in Paragraph "26" of the Amended Complaint.

27.     The City ADMITS that it deposited a certain unknown quantity of municipal waste only at the South Landfill for a period of time that spanned between 1961 to 1963, but DENIES that it deposited commercial or industrial waste at the South Site, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the remaining allegations in Paragraph "27" of the Amended Complaint.

28.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations in Paragraph "28" of the Amended Complaint.

29.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations in Paragraph "29" of the Amended Complaint.

30.     The DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations in Paragraph "30" of the Amended Complaint.

31.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations in Paragraph "31" of the Amended Complaint.

32.     The City ADMITS that it entered into a lease with Plaza East to maintain a sanitary landfill on its property between approximately 1968 to 1971, but DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the remaining allegations in Paragraph "32" of the Amended Complaint.

33.     With respect to the allegations in Paragraph "33" of the Amended Complaint, the City ADMITS that took an easement with respect to a strip of land across the North Site in order to access the Plaza East property, but DENIES the remaining allegations in Paragraph "33" of the Amended Complaint.

34.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations in Paragraph "34" of the Amended Complaint.

<u>The County's Waste Disposal Activities at the Site</u>

35.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "35" of the Amended Complaint.

36.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "36" of the Amended Complaint.

37.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "37" of the Amended Complaint.

38.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "38" of the Amended Complaint.

39.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "39" of the Amended Complaint.

40.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "40" of the Amended Complaint.

41.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "41" of the Amended Complaint.

42.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "42" of the Amended Complaint.

43.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "43" of the Amended Complaint.

44.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "44" of the Amended Complaint.

45.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "45" of the Amended Complaint.

46.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "46" of the Amended Complaint.

Subsequent Investigations of Contamination at the Site

47.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "47" of the Amended Complaint.

48.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "48" of the Amended Complaint.

49.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "49" of the Amended Complaint.

50.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "50" of the Amended Complaint.

51.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "51" of the Amended Complaint.

52.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "52" of the Amended Complaint.

53.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "53" of the Amended Complaint.

54.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "54" of the Amended Complaint.

Plaintiffs' Implementation of the NYSDEC-Approved Remedy

55.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "55" of the Amended Complaint.

56.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "56" of the Amended Complaint.

57.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "57" of the Amended Complaint.

58.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "58" of the Amended Complaint.

59.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "59" of the Amended Complaint.

60.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "60" of the Amended Complaint.

61.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "61" of the Amended Complaint.

62.     With respect to the allegations set forth in Paragraph "62" of the Amended Complaint, the City ADMITS that it submitted design comments in 2013 and that it has participated in inspections of the Site, but DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph "62" of the Amended Complaint.

63.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "63" of the Amended Complaint.

64.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "64" of the Amended Complaint.

65.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "65" of the Amended Complaint.

66.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "66" of the Amended Complaint.

67.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "67" of the Amended Complaint.

68.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "68" of the Amended Complaint.

<u>The City and County Have Failed to Contribute to the Cleanup</u>

69.     The City ADMITS that it has not made any financial contribution toward the remediation costs associated with Plaintiffs' property but DENIES that it has any legal obligation to do so and generally DENIES the truth of remaining allegations set forth in Paragraph "69" of the Amended Complaint.

70.     The City ADMITS that Plaintiff CCH demanded that the City contribute to the Site's remediation costs but DENIES that it had any statutory or contractual liability requiring it to do so.  Further, the City ADMITS that it entered into a tolling agreement with Plaintiff CCH only, but DENIES that that agreement applied or extended to Plaintiff CI and refers the Court to the document itself as to its terms.  Further, the City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of truth of remaining allegations set forth in Paragraph "70" of the Amended Complaint.

71.     The City DENIES the truth of allegations set forth in Paragraph "71" of the Amended Complaint.

**FIRST CAUSE OF ACTION:**
**COST RECOVERY UNDER CERCLA**

72.     The City's answers to paragraphs 1 through 71 are incorporated herein by reference as if set forth here in full.

73.     Paragraph "73" of the Amended Complaint states a legal conclusion to which no response is required.

74.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "74" of the Amended Complaint.

75.     The City DENIES the truth of allegations set forth in Paragraph "75" of the Amended Complaint.

76.     Paragraph "76" of the Amended Complaint states a legal conclusion to which no response is required.

77.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "77" of the Amended Complaint.

78.     Paragraph "78" of the Amended Complaint states a legal conclusion to which no response is required.

79.     The City DENIES the truth of allegations set forth in Paragraph "79" of the Amended Complaint.

80.     The City DENIES the truth of allegations set forth in Paragraph "80" of the Amended Complaint.

81.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "81" of the Amended Complaint.

82.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "82" of the Amended Complaint.

83.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "83" of the Amended Complaint.

84.     The City DENIES the truth of allegations set forth in Paragraph "84" of the Amended Complaint.

85.     The City DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of allegations set forth in Paragraph "85" of the Amended Complaint.

## SECOND CAUSE OF ACTION:
## CONTRIBUTION UNDER CERCLA

86.     The City's answers to paragraphs "1" through "85" are incorporated herein by reference as if set forth here in full.

87.     Paragraph "87" states a legal conclusion for which no response is required.

88.     Paragraph "88" states a legal conclusion for which no response is required.

89.     The City DENIES the truth of allegations set forth in Paragraph "89" of the Amended Complaint.

90.     The City DENIES the truth of allegations set forth in Paragraph "90" of the Amended Complaint.

91.     The City ADMITS the truth of allegations set forth in Paragraph "91" of the Amended Complaint.

92.     The City DENIES the truth of allegations set forth in Paragraph "92" of the Amended Complaint.

## THIRD CAUSE OF ACTION:
## DECLARATORY RELIEF UNDER CERCLA AND NEW YORK LAW

93.     The City's answers to paragraphs "1" through "92" are incorporated herein by reference as if set forth here in full.

94.     The City DENIES the truth of allegations set forth in Paragraph "94" of the Amended Complaint.

95.     The City DENIES the truth of allegations set forth in Paragraph "95" of the Amended Complaint.

*     *     *

96-148. The allegations made in Paragraphs 96-148 all relate to Plaintiffs' New York state law claims. According to the Court's February 12, 2018 MDO, *see* Dkt. No. 58, Plaintiffs' state law claims have been dismissed, thus no response is necessary for the allegations contained in Paragraphs 96-148 of the Amended Complaint, which support claims that have been dismissed.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiffs' Amended Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred, in whole or in part, because of its failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

4.      Some or all of the Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel or laches.

### FIFTH AFFIRMATIVE DEFENSE

5.      The Amended Complaint must be dismissed by reason of the Plaintiffs' failure to join a necessary party.

### SIXTH AFFIRMATIVE DEFENSE

6.      The Amended Complaint is barred pursuant to the doctrine of release.

### SEVENTH AFFIRMATIVE DEFENSE

7.      The alleged contamination or discharge was caused by an act of God.

### EIGHTH AFFIRMATIVE DEFENSE

8.      The alleged release or threatened release of hazardous substances alleged in the Complaint, and any costs or damages resulting therefrom, were caused solely by the acts of

persons other than the City, including, but not limited to plaintiffs, codefendant, or other third parties.

9.      The City, to the extent that it is established it has any relationship with the Site at issue in the Amended Complaint, or undertook any activity thereon during any relevant period, nonetheless took precautions against the foreseeable actions or omissions of such third party, and the foreseeable consequences of such actions or omissions.

## NINTH AFFIRMATIVE DEFENSE

10.     Upon information and belief, the hazardous substances on the Site, and the alleged harm caused thereby, are divisible among the parties to this action—including Plaintiffs—or to third-parties, and thus any damages should be apportioned according to fault.

## TENTH AFFIRMATIVE DEFENSE

11.     The Amended Complaint's CERCLA claims are barred as the Plaintiffs are potentially responsible parties under CERCLA § 107.

## ELEVENTH AFFIRMATIVE DEFENSE

12.     The Plaintiffs' claims are barred in whole or in part by the petroleum exclusion contained in CERCLA, 42 U.S.C. § 9601(14).

## TWELTH AFFIRMATIVE DEFENSE

13.     If any hazardous substances attributable to the City was released on the Site, the volume and toxicity of such hazardous substances are *de minimus* and pose no threat to public health or the environment.  As a result, the City should not be liable for the cleanup of the Site or its costs.

14.     If it is determined that the City has liability for contribution under CERCLA (which the City denies), its equitable share of response costs should be zero or near zero.

<u>**THIRTEENTH AFFIRMATIVE DEFENSE**</u>

15.     Any costs or damages complained of or sustained by Plaintiffs were due to their own failure to exercise proper and prudent care, control, operation and maintenance over the Site.

16.     Any costs alleged to be incurred in the future may not be recovered as they are too remote, speculative, and contingent.

<u>**FOURTEENTH AFFIRMATIVE DEFENSE**</u>

17.     In the event that the City is determined to be a responsible party within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a), the City's liability must be proportionate to its contribution to the alleged release or threatened release at the subject site, taking into account the contribution of plaintiffs, codefendant, and other persons who contributed to the release or threatened release at the site and who are not parties hereto.

<u>**FIFTEENTH AFFIRMATIVE DEFENSE**</u>

18.     Plaintiffs' claims are barred due to its failure to comply with the National Contingency Plan.

<u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

19.     The City adopts and incorporates by reference the affirmative defenses pleaded by codefendant Onondaga County.

20.     The City reserve the right to asset additional defense that may arise in the course of discovery or at trial.

## AS AND FOR A FIRST CROSS-CLAIM

### (Common Law Contribution/Indemnification)

21.     If Plaintiffs sustained damages at the time and place set forth in its Amended Complaint through any carelessness, recklessness, negligence or other culpable conduct other than its own, said damages were sustained by reason of the sole, active and primary carelessness, recklessness, negligence or other culpable conduct, and/or affirmative acts of omission or commission by co-defendant, or other third parties, without any active or affirmative negligence on the part of the City contributing thereto.

22.     To the extent the City is found liable for releases at or from the Site in excess of its equitable share of liability or responsibility, if any, the City is entitled to contribution and indemnification from codefendant under New York common law according to the extent of liability attributable to the codefendant, and parties other than the City.

23.     By reason of the foregoing, City demands apportionment of liability, contribution, indemnification and judgment over and against codefendant, and any other responsible party, for the amount of Plaintiffs' recovery.

## AS AND FOR A SECOND CROSS-CLAIM
### (CERCLA Indemnification and Contribution)

24.     If it is determined that the Site is a "facility" as defined by CERCLA, and that "hazardous substances" as defined by CERCLA were released into the environment at the Property, upon information and belief, co-defendant was an "owner or operator" as defined by CERCLA §101(20), 42 U.S.C. §9601(20), of the Property at the time of the Releases.

25.     Upon information and belief, codefendant is a "person" within the meaning of 42 U.S.C. § 6903(15).

26.     Pursuant to CERCLA §107(a), 42 U.S.C. §9607(a) and/or §113(f), 42 U.S.C. §9613(f), if it is found that codefendant released or threatened the release of hazardous substances to the Site, it is strictly liable and responsible for contributing its equitable share of any past or future response costs incurred in response to the releases of hazardous substances.

27.     In light of the foregoing, in the event the City is found liable in this action, the City is entitled to contribution from codefendant in this action under CERCLA § 107, 42 U.S.C. § 9607 and/or CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1) and/or 42 U.S.C. § 6972(a)(1)(B) and federal common law.

## JURY DEMAND

The City requests a jury for all matters for which a right exists as a matter of law.  For those matters in which such a right does not exist, the City requests that the Court empanel an advisory jury to determine all factual matters underlying the pleaded claims and defenses.

**WHEREFORE**, the City respectfully demands entry of judgment:

1.     dismissing the Plaintiffs' Complaint in its entirety;

2.     requiring Plaintiffs to pay the City's costs of this action;

3.      granting the City the relief requested in its affirmative defenses and cross-claims asserted herein, and

4.     granting such other and further relief as the Court deems just, proper and equitable.

DATED:  March 5, 2018                    Respectfully submitted,


                                  By:     *s/John G. Powers*
                                          John G. Powers, Esq.

(Bar Roll No. 508934)
Holly K. Austin, Esq.
(Bar Roll No. 513155)
Paul J. Tuck, Esq.
(Bar Roll No. 502814)
HANCOCK ESTABROOK, LLP
100 Madison Street, Suite 1500
Syracuse, New York 13202
 (315) 565-4500 (Office)
 (315) 565-4700 (Facsimile)
jpowers@hancocklaw.com

Todd Long, Esq.
Assistant Corporation Counsel
233 East Washington Street
Syracuse, NY 13202
(315) 448-8400

*Attorneys for Defendant, City of Syracuse*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on March 5, 2018, I caused the foregoing to be electronically with the Clerk of the District Court, Northern District of New York using the CM/ECF system, which sent automatic and contemporaneous notification of such filing to all counsel of record including:

      Vincent Atriano, Esq.            vincent.atriano@squirepb.com


                          *s/John Powers*

Dated:  March 5, 2018                 John Powers