UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COOPER CROUSE-HINDS, LLC, and
COOPER INDUSTRIES, LLC,

                        Plaintiff,

vs.

CITY OF SYRACUSE, NEW YORK, and
COUNTY OF ONONDAGA, NEW YORK

                        Defendants.

Civil Action No.: 5:16-cv-1201
(MAD/ATB)

### DEFENDANT CITY OF SYRACUSE'S ANSWER TO THE DEFENDANT COUNTY OF ONONDAGA'S CROSSCLAIMS

Defendant City of Syracuse, New York (the "City), as its answer to Defendant County of Onondaga's (the "County" or "Co-defendant") Crossclaims, states as follows:

### FIRST CROSS-CLAIM

184. Paragraph "184" of the County's cross-claim states a legal conclusion to which no response is required.

185. Paragraph "185" of the County's cross-claim states a legal conclusion to which no response is required.

186. The City ADMITS that it deposited a certain unknown quantity of municipal waste only at the South Landfill for a period of time that spanned between 1961 to 1963, and DENIES the remainder of the allegations set forth in Paragraph "186"; and specifically DENIES that it disposed of, arranged for and/or transported waste materials for disposal on the North Landfill and specifically DENIES that it disposed of, arranged for and/or transported hazardous substances for disposal at either the North Landfill or the South Landfill.

187. The City DENIES the allegations contained in Paragraph "187" of the County's cross-claim.

188. The City DENIES the allegations contained in Paragraph "188" of the County's cross-claim.

189. The City DENIES the allegations contained in Paragraph "189" of the County's cross-claim.

190. The City DENIES the allegations contained in Paragraph "190" of the County's cross-claim.

191. The City DENIES the allegations contained in Paragraph "191" of the County's cross-claim.

192. The City DENIES the allegations contained in Paragraph "192" of the County's cross-claim.

193. The City DENIES the allegations contained in Paragraph "193" of the County's cross-claim.

194. Paragraph "194" of the County's cross-claim states a legal conclusion to which no response is required.

195. Paragraph "195" of the County's cross-claim states a legal conclusion to which no response is required.

196. Paragraph "196" of the County's cross-claim states a legal conclusion to which no response is required.

197. The City DENIES the allegations contained in Paragraph "197" of the County's cross-claim.

**SECOND CROSS CLAIM**

198.  The City DENIES the allegations contained in Paragraph "198" of the County's cross-claim.

199.  The City DENIES the allegations contained in Paragraph "199" of the County's cross-claim.

200.  The City DENIES the allegations contained in Paragraph "200" of the County's cross-claim.

**AFFIRMATIVE DEFENSES**

### First Affirmative Defense

Co-defendant's cross claims are barred in whole or in part for failure to state a claim.

### Second Affirmative Defense

To the extent that Co-defendant's crossclaims are deemed to be equitable in origin they are barred in whole or in part under the doctrines of estoppel, laches, waiver, and unclean hands.

### Third Affirmative Defense

Co-defendant's First Crossclaim alleging CERCLA contribution is barred in whole or in part by the petroleum exclusion contained in CERCLA, 42 U.S.C. § 9601(14).

### Fourth Affirmative Defense

If any hazardous substances attributable to the City was released on the Site, the volume and toxicity of such hazardous substances are *de minimus* and pose no threat to public health or the environment.  As a result, the City should not be liable for the cleanup of the Site or its costs.

### Fifth Affirmative Defense

In the event that the City is determined to be a responsible party within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a), the City's liability must be proportionate to its

contribution to the alleged release or threatened release at the subject site, taking into account the contribution of plaintiffs, codefendant, and other persons who contributed to the release or threatened release at the site and who are not parties hereto.

### Sixth Affirmative Defense

The City adopts and incorporates all applicable affirmative defenses previously alleged in response to Plaintiffs' claims.

### Reservation of Rights

The City reserves the rights to allege such additional affirmative defenses as become apparent and applicable as the factual record develops.

**WHEREFORE**, the City respectfully requests judgment on, and dismissal of, Co-defendant's cross claims.

DATED:  March 29, 2018                                Respectfully submitted,

By:     *s/John G. Powers*
John G. Powers, Esq. (Bar Roll No. 508934)
Holly K. Austin, Esq.(Bar Roll No. 513155)
Paul J. Tuck, Esq. (Bar Roll No. 502814)
HANCOCK ESTABROOK, LLP
100 Madison Street, Suite 1500
Syracuse, New York 13202
 (315) 565-4500 (Office)
 (315) 565-4700 (Facsimile)
jpowers@hancocklaw.com

Todd Long, Esq.
Assistant Corporation Counsel
233 East Washington Street
Syracuse, NY 13202
(315) 448-8400

*Attorneys for Defendant, City of Syracuse*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 29, 2018, I caused the foregoing to be electronically with the Clerk of the District Court, Northern District of New York using the CM/ECF system, which sent automatic and contemporaneous notification of such filing to all counsel of record including:

                Kevin C. Murphy, Esq.
                Benjamin M. Yaus, Esq.
                Vincent Atriano, Esq.

                                                  *s/Paul J. Tuck*

Dated:  March 29, 2018                                  Paul J. Tuck